IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-321-FL

| | | |
|---|---|---|
| ALEXIS DARNELL ANDRE,<br>CHAIRPERSON OF ASSOCIATION OF<br>E.E. SMITH ALUMNI AND FRIENDS,<br>d/b/a NATIONAL ASSOCIATION OF E.E.<br>SMITH ALUMNI AND FRIENDS, INC.,<br>and ASSOCIATION OF E.E. SMITH<br>ALUMNI AND FRIENDS, d/b/a<br>NATIONAL ASSOCIATION OF E.E.<br>SMITH ALUMNI AND FRIENDS, INC., | ) ) ) ) ) ) ) ) ) ) | |
|        Plaintiffs, | ) ) | |
|      v. | ) ) ) | **ORDER** |
| KEVIN ASHTON, in his individual<br>capacity and as Chairman of NATIONAL<br>ASSOCIATION OF E.E. SMITH ALUMNI<br>AND FRIENDS, INC.; E.E. SMITH HIGH<br>SCHOOL SPORTS HALL OF FAME; E.E.<br>SMITH ALUMNI AND FRIENDS; and<br>NATIONAL ASSOCIATION OF E.E.<br>SMITH ALUMNI AND FRIENDS, INC., | ) ) ) ) ) ) ) ) | |
|        Defendants. | ) | |

This matter is before the court upon plaintiffs' letter and motion for an extension of time (DE 81), and on defendants' response thereto which the court construes as a motion to dismiss (DE 82). In their filing, defendants ask the court to dismiss this action for plaintiffs' repeated failures to comply with this court's orders and Local Civil Rules. For the following reasons, the court agrees that dismissal is warranted.

## BACKGROUND

This trademark action began June 15, 2023. At issue are alleged trademark rights in various names relating to E.E. Smith High School in Fayetteville, North Carolina, which the parties, two factions of the school's alumni association, each claim. (See generally Second Amended Compl. (DE 61)).

More relevant here to the court's discussion than the case's factual underpinnings is its procedural history. As noted, plaintiffs filed their original complaint June 15, 2023. Plaintiffs filed an amended complaint as of right June 21, 2023, which violated Local Rule 15.1(a) by failing to include a redlined version or otherwise indicate how it differed from the original complaint. (See Am. Compl. (DE 3)).

Defendants moved to dismiss September 14, 2023. (Mot. Dismiss (DE 27)). In response, plaintiffs filed third and fourth versions of their complaint October 3 and 8, 2023, without seeking leave to amend, and again in violation of Local Rule 15.1(a). (See First Am. Compl. (DE 32); First Am. Compl. (DE 33)). The court construed the October 8, 2023 filing as a motion for leave to amend, and issued a briefing schedule. (Order (DE 36)). Plaintiffs filed a reply brief in support of their motion to amend even though the briefing schedule did not permit a reply brief, and which would have been untimely anyway under the court's Local Rules governing motions practice. (See id.); Local R. 7.1(g). Plaintiffs attempted to amend their complaint yet again October 29, 2023, before any ruling on what the court had deemed a motion to amend. (See Mot. Amend Second Amended Complaint (DE 38)).

Following significant motions practice, the court permitted plaintiffs to amend their complaint, subject to several conditions, among them the satisfaction of a fee award to defendants. (See Order (DE 59)). Also required was a statement providing whether the meeting of plaintiffs'

membership body January 4, 2024 was recorded, and if so, the preservation status of that recording. (Id.). Plaintiffs therefore filed a new complaint February 14, 2024, along with a declaration of counsel attesting to satisfaction of the court's conditions. (Am. Compl. (DE 61); Notice (DE 63)). However, the declaration did not provide the status of the membership meeting, which was provided only late and without a showing of good cause for the delay. (See Br. Supp. Enlarge Time (DE 73)).

Plaintiffs' counsel moved to withdraw February 26, 2024, which request the court granted March 18, 2024. (Order (DE 80)). Since that time, plaintiffs have purported to represent themselves. The court's March 18, 2024 order instructed plaintiffs to cause new counsel to enter a notice of appearance by April 17, 2024, to permit this case to proceed in good order. (Id.). Instead, on that date plaintiffs filed a letter declining to retain new counsel and requesting a potentially indefinite stay. (See Pls' Letter (DE 81)). Defendants' instant motion followed. (Defs' Resp. (DE 82)).

## COURT'S DISCUSSION

As noted, defendants move to dismiss this suit based on plaintiffs' litigation conduct, and also on merits grounds concerning the underlying trademarks at issue. The court concludes dismissal is proper on the former basis, and so does not address the latter.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action for failure to prosecute or for failure to comply with court rules or orders. Fed. R. Civ. P. 41(b). This authority also springs from the court's inherent powers to manage its docket. Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019). A court may issue such a dismissal sua sponte, even without advance notice. Id.

Four factors guide the court's discretion: 1) the plaintiffs' degree of personal responsibility; 2) prejudice to defendants; 3) presence of a drawn out history of deliberately proceeding in a dilatory fashion; and 4) effectiveness of sanctions less drastic than dismissal. Id. These criteria are not a "rigid" test, and the propriety of an involuntary dismissal rests upon the facts of each case. Id. Failure to respond to a specific directive from the court justifies dismissal. Id.; Ballard v. Carlson, 882 F.2d 93, 95–96 (4th Cir. 1989). The court turns to the application of these factors to this case.

First, plaintiffs bear direct, personal responsibility at least for their failure to obey the court's March 18, 2024 order requiring them to retain new counsel if they wished to proceed with the case.[1] Plaintiffs had actual, direct knowledge of the court's order at least as early as March 21, 2024, and therefore cannot claim ignorance thereof.[2] This case therefore does not involve a litigant without the means to follow the case, without knowledge of an order, or without the ability to respond. See Holder, 925 F.3d at 626; Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). This first factor therefore weighs in favor of dismissal.

Second, defendants have incurred significant prejudice. This action has been pending ten months, in which defendants have had to incur significant time and expense in extensive motions practice and hearings, much of which revolved around plaintiffs' various defective complaints, as reflected in the court's January 17, 2024 fee award. (Order (DE 59)). This factor similarly favors dismissal.

---

[1]     One plaintiff is an entity, and therefore cannot proceed pro se. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202–03 (1993). The other plaintiff is the alleged chairperson of that entity, and seemingly attempts to represent the entity's interests pro se, which is also impermissible. See Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 244–45 (4th Cir. 2020).

[2]     The clerk's office documented a visit by a member of the entity plaintiff that date, who indicated that plaintiffs knew of the deadline to retain new counsel.

Third, plaintiffs have a history of dilatoriness, and a more extensive history of failing to obey this court's orders. As recounted above, plaintiffs have made several filings late, have repeatedly flouted the court's Local Civil Rules, and in at least two instances have failed to follow court orders. The latest incidence is not the first instance of such conduct, merely the most significant.

Fourth, the court concludes that sanctions less severe than dismissal would not be effective. Plaintiffs have not been deterred by the court's fee award, and less severe sanctions would not remedy plaintiffs' actions to halt the orderly progress of this action until plaintiffs decide to obtain new counsel, which will cause defendants to incur indeterminate and potentially extensive costs. Plaintiffs merely state that they "prefer" to prosecute parallel proceedings in the Patent and Trademark Office instead, and request an indefinite stay or, at minimum, one of 120 days. (See Pls' Letter 2). The fourth factor therefore weighs in favor of dismissal.

Plaintiffs' failure to follow the Local Civil Rules and "filing [of] a series of substantially similar, flawed pleadings[,]" as has occurred here, justifies dismissal. Sorto v. Autozone, Inc., 821 F. App'x 188, 194 (4th Cir. 2020).

In addition, courts routinely hold that failure to follow court orders and/or local rules, with personal responsibility, justifies dismissal. See, e.g., Holder, 925 F.3d at 626; United States v. Merrill, 258 F.R.D. 302, 309–10 (E.D.N.C. 2009); Iou Central, Inc. v. Ladd, No. 5:21-cv-117-M, 2023 WL 4844367, at *1 (E.D.N.C. May 23, 2023); Mitchell v. Hous. Auth. of City of Winson-Salem, No. 1:04cv1103, 2006 WL 889552, at *4 (M.D.N.C. Mar. 29, 2006); see also Birdette v. Saxon Mortg., 502 F. App'x 839, 840–41 (11th Cir. 2012); Jones v. Thompson, 996 F.2d 261, 264 (10th Cir. 1993). The court concludes the same here.

5

In sum, all four factors weigh in favor of dismissal, given plaintiffs' personal responsibility, litigation history, prejudice to defendants, and the ineffectiveness of other sanctions.

## CONCLUSION

Based on the forgoing, plaintiffs' motion for an extension of time (DE 81) is DENIED, while the motion to dismiss presented by defendants (DE 82) is GRANTED. Plaintiffs' claims are DISMISSED for failure to obey court orders and/or failure to prosecute under Rule 41(b). The clerk is DIRECTED to close this case.

SO ORDERED, this the 1st day of May, 2024,

_____
LOUISE W. FLANAGAN
United States District Judge

6