IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-321-FL

| | |
|---|---|
| ALEXIS DARNELL ANDRE, CHAIRPERSON OF ASSOCIATION OF E.E. SMITH ALUMNI AND FRIENDS, d/b/a NATIONAL ASSOCIATION OF E.E. SMITH ALUMNI AND FRIENDS, INC., and ASSOCIATION OF E.E. SMITH ALUMNI AND FRIENDS, d/b/a NATIONAL ASSOCIATION OF E.E. SMITH ALUMNI AND FRIENDS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KEVIN ASHTON, in his individual capacity and as Chairman of NATIONAL ASSOCIATION OF E.E. SMITH ALUMNI AND FRIENDS, INC.; E.E. SMITH HIGH SCHOOL SPORTS HALL OF FAME; E.E. SMITH ALUMNI AND FRIENDS; and NATIONAL ASSOCIATION OF E.E. SMITH ALUMNI AND FRIENDS, INC., <br><br> Defendants. | ORDER |

This matter is before the court upon defendants' motion for fees (DE 85) wherein defendants seek award of approximately $70,000.00. In the exercise of its discretion, the court denies the motion.

The court assumes familiarity with the factual and procedural background of this case, and incorporates by reference its discussion of the same in its order dismissing this action under Rule 41(b). (See generally Order (DE 83)). Ultimately, upon plaintiffs' failure to follow the court's orders and procedural rules, the court dismissed this action May 1, 2024. (Id.). Defendants filed

the instant motion for fee award May 15, 2024, under the Lanham Act and/or the court's inherent powers to sanction. (Defs' Br. (DE 87)).

## COURT'S DISCUSSION

Part of the Lanham Act, 15 U.S.C. § 1117(a), permits the court to award reasonable fees to the prevailing party in "exceptional cases." Id. In an exceptional case, 1) there is an unusual discrepancy in the merits positions of the parties, based on the non-prevailing party's position as either frivolous or objectively unreasonable, 2) the non-prevailing party litigated unreasonably, or 3) there is otherwise the need in the particular circumstances to advance considerations of compensation and deterrence. Georgia-Pacific Consumer Prods. LP v. von Drehle Corp., 781 F.3d 710, 721 (4th Cir. 2015).

This court also possesses the inherent power, unconnected to any statute, to sanction conduct that abuses the judicial process, including through assessing and awarding attorneys' fees. Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 107–08 (2017). Such sanctions "may go no further than to redress the wronged party for losses sustained; [the court] may not impose an additional amount as punishment[.]" Id. at 108.

Upon careful consideration of the record in this case, including plaintiffs' claims and litigation conduct, the court concludes, in the exercise of its discretion, that a fee award is not warranted either under the court's inherent sanction power or under the Lanham Act.

## CONCLUSION

Based on the foregoing, defendants' motion for a fee award (DE 85) is DENIED.

SO ORDERED, this the 8th day of August, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge

2

Case 5:23-cv-00321-FL   Document 89   Filed 08/08/24   Page 2 of 2